UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAIME VEGA SALMON,

      Petitioner,

    v.                             Case No.:  2:26-cv-01303-SPC-NPM

D.H.S. *et al*,

      Respondents,

                                 /

## **OPINION AND ORDER**

Before the Court are petitioner Jaime Vega Salmon's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Vega Salmon is a native of Cuba who entered the United States in 2009 and later became a lawful permanent resident. On March 7, 2023, he was convicted of aggravated assault with a deadly weapon and carrying a concealed weapon. When Vega Salmon completed his prison sentence on December 16, 2025, he was transferred to the custody of Immigration and Customs Enforcement ("ICE"). An immigration judge ordered him removed on January 26, 2026, and Vega Salmon waived appeal. Cuba refused to accept Vega Salmon for repatriation, and an attempt to remove him to Mexico was unsuccessful. Vega Salmon argues his detention violates the Fifth Amendment because the government cannot remove him to Cuba or Mexico.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on January 26, 2026, and runs until July 25, 2026. Thus, Vega Salmon's detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Jaime Vega Salmon's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record